Both sides want us to find jurisdiction, but I think that's your worst sticking point, so we need to hear about it. Well, we've submitted our letter brief, and we believe that in the bankruptcy context, the circuit courts take a more pragmatic and flexible approach, and the approach that's taken is one whether the order below handles a discrete issue and decides substantive rights of the parties. Here, the discrete issue is whether equitable tolling applies to a 727 claim to revoke the 727. In this case, they decided it does not. One-year statute is absolute, so it has decided that discrete issue. 727, no equitable tolling, is what the district court said and what the bankruptcy court said. But there are other issues left, and this is a case where sometimes where we know that the whole bankruptcy is going to fall apart or some critical issue turns on what we do. This doesn't seem to be quite like that because there are other issues to be decided. There are there are other issues to be decided. But as I say, the the the pragmatic and flexible approach is one where substantive rights are affected and the discrete issue has been decided. There will be. I know this. This discrete issue has been decided. But the question I have, and I'm not I didn't get the answer on the brief, I'm not sure what are the other claims they are for fraud, aren't they? The other claims? Yes, there there are four claims under 523 under a two. Well, you don't have to give me the numbers of it. Tell me anything. They're not just not just in which if you won, you would you would get everything you needed. We would get a non-dischargeable judgment. The other creditors would be left high and dry. I'm not worried about the other creditors. So you do have a remedy. And if we sustained or if if we rejected your appeal here and even if we said the appeal is good and we affirmed wouldn't make any difference, wouldn't affect those other claims, would it? No, it would not affect the other clients. Simply, we would not be able to revoke the debtor's discharge for fraud. I believe we would be able to prove the same facts under the 523 claims. Well, that's where you're that's where your problem is. I'm dischargeability claims are still pending, right? They are still playing. And you could you could win that, I suppose. We could and we expect to. OK, then why shouldn't we say go back and let us know what happens when that's all played out? Because as I say, with the whole thing in one one lump, well, the appellants under your theory. Let's assume that we lose the 523 claim, then we would be back here and the whole issue would then have to be decided and could get some back. That's the nature of a final judgment. I understand that. But but what we're trying to avoid is piecemeal litigation. So are we. And if it's if it's if it's reversed as we think it should be and we can argue, remember, we're at the pleading stage. And that's the important thing here is the allegations must be taken as true. And it's simply a question of of whether equitable tolling or some other reason, such as failure to schedule the creditors or the reopening of bankruptcy, allow the court to extend the statute of limitations. If this is sent back, we then have to prove those claims under 727. We get to try all of the claims together. If we could lose the 523 case, it comes up here and this court could then decide, well, equitable tolling should apply or these creditors were not scheduled or the case was reopened. And therefore, we should be able to revoke the discharge. And then we're back trying essentially the same facts under the 727 claim that we lost on on the 523 claim or vice versa. Let me ask you another question. You know, if we took jurisdiction in this case and decided the merits in your favor, we really would be speaking to fraud. We'd say equitable estoppel applies because of fraud. And that's the same issue that's in the other cases. And we would be speaking to an issue that would be very helpful to you in the other cases, although those cases are not before us. Well, you'd be speaking to a broader issue of just the fraud that we're alleging. You're speaking to the conduct of the debtor as a whole, that the question is, should a debtor be allowed to get away with committing fraud if he can make it one year beyond his discharge? Well, he's not getting away with it because you've got three other claims. We do have three other claims, but they're not exactly the same as the claims to revoke a discharge. But the relief could be would be exactly the same. If you won those claims, you get your money. If you win this claim, you don't get any money. You have to go back. If we win this claim, you just have to go back and see whether you're going to get the money out of this and three other claims, which are all the same. Well, if we win this claim, it goes back to the trial court. And then if the court decides that the debtor's discharge is revoked, then we don't need the 523 claims because there's no need for a non-dischargeability judgment. So this 727 claim, if it's valid, would do away with the others. So it's alternative remedies. The court could decide the 523 claims are not are dischargeable, but the court could also decide that under 727, the debtor committed fraud statute, one-year statute hasn't commenced to run. And therefore, the discharge is revoked. And not only us, but all of the creditors then get to go after the debtor. And the bankruptcy is if it never happened because he never got his discharge. But I think it's important for this court to take jurisdiction over this. As we've said in the letter briefing, and frankly, Mr. Avery's belief agrees with us that this court has jurisdiction. And we think it's important because this is an issue on which there are cases on both sides. We admit that we're in the district court, not in the bankruptcy court. We're faced with a, say, a two-year statute of limitations on on some action. And then there were three other claims pending, which would give you the relief. You think the appeals court would have jurisdiction? Probably not. But why should we have jurisdiction over bankruptcy court? It's a bankruptcy court. Because the cases say that in bankruptcy, the situation is different. And we have another appeal coming up. You haven't got a case that deals with the non-dischargeability issue, have you? No, we have another appeal that was decided by the bankruptcy appellate panel that is by the trustee. The trustee sold claims to a corporation set up by the debtor's attorney, approved that sale, the BAP reversed, and now it's on appeal here. We don't think that one is proper on appeal because the BAP reversed and remanded. But if you look at the cases, there are different standards for normal civil cases out of the district court than there are for bankruptcy cases. But it looks like to me the closest case is a case called In re King City Transit Mix, which I don't recall was cited by you. I don't recall the case. Well, that was in the order that we set out that asked you to consider it. That seems to be the one that's pretty close. I have to apologize. I don't remember seeing the case in the order. Did you want to save some time for rebuttal or did you want to? Yeah, I did want to save some time for rebuttal and talk about the merits of the case because I think the court should take about a minute. But if you want to talk about the merits of the case, you better do it now because you can't bring up something on rebuttal that wasn't in the record. The point I want to make, the important point here is we're here because of the conduct of the debtor. If the debtor had disclosed his assets and enlisted his creditors, we wouldn't be here. There wouldn't be any reason to seek to revoke his discharge. The second important point is this case isn't about the state court case. That's all throughout the briefs. The state court case is on appeal. It's not res judicata for anything. It's like arguing the score of a football game at halftime. If I recall, I believe USC was behind Notre Dame at halftime in the recent game. They ultimately won the game. So that court, that's completely irrelevant. Thirdly, we're at the at the pleading stage. And based on the cases, yes, there are four cases in this circuit, Johnson, Boyd, Blanchard and Fresquez that say no equitable tolling. There are two cases from outside, Succa and Peebles, that say you should equitably toll. The court could. Which cases do you think we should follow? Our cases or the ones from outside? Well, I think you should follow Peebles and Succa because they're better reasons. And the reason is the court can take a broad view here and just say equitable tolling applies. They could also take a narrow view and say where creditors aren't listed, then you follow Ford and Crites, the Oregon cases we cited, and you follow Pierre, the Florida case, which says that if creditors aren't listed, their due process rights have not begun to run. So the statute hasn't begun to run. This is a case where where the underlying case was reopened by the debtor himself because he admitted that he concealed a two million dollar asset. So if you take the narrow view, you can say that where a debtor reopens a case because he concealed an asset and where the creditors weren't listed, the statute doesn't begin to run. Or you can also take an even narrower view and say statute doesn't apply because our clients weren't listed. Their due process rights never started. Thank you, Mr. Peebs. May it please the court, Wes Avery from Ezra Breskis, Governor, opinion on behalf of Kaveh Lahajani, the Appellee and Debtor. We would ask that the court decide this appeal today. This case was filed in 1998. I want you to speak up a little bit. The debtor received his. It's not worth a damn. The debtor received his discharge in 1998 and it's now 1995, seven years later. Well, you're talking about the merits now and we want to hear about jurisdiction. Okay. Well, with regards to jurisdiction, the test under the Lazar case is whether the final order must seriously affect substantive rights and whether it finally determines the discrete issue to which it's addresses. Now, here the substantive rights are the discharge. There's nothing more important in a bankruptcy, especially a Chapter 7 bankruptcy, than getting a discharge. That discharge was issued in 1998. When a debtor gets a discharge, he has the ability, among other things, to start borrowing because a loan, a lender will look and see if there's been a discharge. Right now, despite the fact that he filed this case in 1998, he still can't meet a lot of guidelines for borrowing. How would you be harmed if we said no jurisdiction? You wanted a district court. There are three other cases coming up and even the equitable tolling case, if it applies at all, rests on fraud and it really becomes immaterial if the fraud is pervasive. I don't see how you're hurt in this situation if we say no jurisdiction. Well, we are hurt, Judge Bryant, because the debtor has a lot more at stake here than the appellants, as you pointed out. The point is they don't get anything out of this. This is just a negotiating tactic. As a matter of fact, the Federal Rules of Bankruptcy Procedure recognize that it's a negotiating tactic. Well, you want piecemeal litigation, too. No, I think at this point, a revocation of discharge is an extraordinary remedy and it would affect the debtor gravely because, I mean, all of his debts would no longer be discharged. The bankruptcy rules contemplate that this is sometimes used as a negotiating tactic, as it is here, and that's Rule 7041. Well, Counsel, it seems to me that in this case, the fact that the debtor reopened the state and really turned the bankruptcy and really turned it into something other than maybe a Chapter 7, it's now an assets case, makes me think that we would not rule favorably to what you have in mind. Well, he reopened the case because he had an obligation to do so under the code. There was an asset that came to his attention with regards to litigating with the appellants in state court, and under the code, he had to disclose it and file him in his schedules, which he did. I would point out that this asset, this $2 million asset, has never been administered. And if you had asked Mr. Fuchs, he would tell you it has no value because it would be against his clients. And as a matter of fact, the assets that are being administered now involve the debtors. There's a friend of a debtor who has attempted to put up some money to buy some peace in order to give some money to creditors. And this was a compromise in sale, and this is what's also before this Court, having already gone through the BAP. And there's also some state appellate action pending, and there might be, as Mr. Fuchs pointed out, another third appeal starting. And what we're trying to do here is limit how much is going on, because it's becoming extraordinarily expensive, and we're trying to start focusing as opposed to expanding. Well, it's kind of interesting that the bankruptcy judge reopened for all purposes, as I read the record. That's routine. That's a routine thing, Your Honor. I mean, that's not unusual. My main practice is Chapter 7 trustee work, representing Chapter 7 trustees. And that would be an absolutely routine ruling. Matter of fact, it probably was done by the clerk of the court. I mean, that's not something the judge would typically look at. But the fact is, it is completely reopened. Looking at the merits of the appeal, I really don't see how this is a case that really should have gone as far as it should, although it is a case of first impression before the Ninth Circuit, as Boyd points out. The Cosman case pointed out that tolling is not applicable to 727 E. Looking at the cases they've cited, really the only case they can go with is SUCA, because Pebbles, or Pebbles, they don't even qualify for. If you look at Pebbles, Pebbles states that you have to prove that you brought the claim within one year of discovery. Pebbles holds that at page 523. They didn't. Under Pebbles, they would have had to have brought their claim by December 2000. They didn't. So Pebbles is an opposite here. Johnson, or excuse me, Blanchard, Boyd and Johnson have all rejected SUCA. And the interesting thing about SUCA is that it has no time limit, which is what's extraordinary about it. It just looks at 350B and says there's been no close, the estate was never closed, and then looks at equitable tolling and in fact doesn't set a rule, has no rule. So if the, go ahead. Your position that equitable tolling never applies or that if there's such a thing as equitable tolling, it doesn't apply in this case, or is it both? It doesn't. Equitable tolling does exist, but it doesn't exist in this case and it doesn't exist under 727E2, because 727E2 is a statute of repose, not a statute of limitations. Something else that needs to be said. Especially since Judge Fletcher's been looking at the merits. The point is, is if you go back and look at the First Amendment complaint, there's no 727D2 claim here and there's no 727D3 claim here. There's no order that the debtor has disobeyed. There's no D3 claim here. And if you look at D2, it doesn't state what property that the debtor has. All that's here is a D1 claim, pure and simple. All that's here is a D1 claim. And everybody agrees and all the reported decisions agree that there's no equitable tolling on E1, D1. So what the debtors, what the appellants are trying to do here is bootstrap some kind of argument here with regards to D2 and D3, i.e., D2, that the debtor received property post-petition or that D3, he's failed to obey a court order. If you look at the First Amendment complaint, there's no court order that they allege that the debtor hasn't obeyed. You say they didn't allege an E2 or D2? If you look at D2, which is, Your Honor, which is paragraphs... 75? 73 through 75, Your Honor, of tab 14. Are you saying they didn't allege a D2 claim? I'm saying there was no factual foundation for it. No, that's not what you said. You didn't say there was no factual foundation. I'm saying there... Excuse me, sir. You said if we look at the complaint, they didn't allege a D2 claim. I'm saying, Your Honor... Did they allege a D2 claim? They allege a D2 claim. And they alleged a D3 claim. And they did, Your Honor, but there's no facts to support it. Well, that's a different question, whether they have the facts and whether they alleged it are two different things. I think we ought to be... Not under 12B6, Your Honor. I mean, you have to allege facts, which, if true... You don't know the difference between alleging and proving? Well, they don't even allege them. If you look at it, it's just boilerplate. They just repeat the statute, Your Honor. They just repeat D2. There's no fact in there. But in 73 to 75, this asset was... The debtor came into possession of this asset and failed to report it to the trustee. There's no such assertion. And that's the point. This whole thing sounds in D1, and D1 is not subject to equitable tolling. You know, when I was in law school, this notice pleading was just becoming the rage. And they said, all you had to do was come into court and grunt. And you were there. And then you do it by discovery. Now, is this any different? Well, look at the Boyd case, for example. There you've got the Home Depot personal injury claim. Okay? There you've got something you can actually hang your hat on. Then you determine, should that claim... I mean, was it property of the state? Was it not property of the state? Should equitable tolling be determined here? And the district court in the Northern District of California said no. But all I'm saying here is that this is a D1 issue, pure and simple. And this is another reason why the court should decide it, because it has no merit. I want to ask you another question. You can inform me. I'm not, you know, I'm no expert in bankruptcy. But can you have a determination that the claims are dischargeable without a closing of the bankruptcy estate? Yes, Your Honor. You can close the bankruptcy estate. Well, I said without closing it. Without closing it? The bankruptcy estate can close without these claims being determined. That still isn't a question. I want to know, can the bankruptcy court say to a debtor, your claims are discharged, but we're not closing the bankruptcy because there's some other things that may come up, like maybe more property that ought to be looked into or something, anything. Yes, Your Honor. OK, that's what I wanted to know. Anything else? I guess I would just say in closing that everything has to have an end. Litigation has to have an end, and it cannot be immortal. This has been going on since 1998, and all things must be brought to a close. I think it's time, under the facts, that at least the discharge be issued, or the discharge be issued, that any kind of revocation matter be put aside and that the debtor be allowed to get on with his life. Thank you. Thank you. Mr. Fuchs, you've used up your time, but we'll give you a minute in rebuttal. Thank you. The argument that Mr. Avery just made is that the debtor wants certainty, and the way you get certainty is with honesty. That's the whole issue here. If you disclose all your debts, you disclose all your creditors, you don't have to worry about whether the statute is equitably told, whether the case is reopened or any of that. So all the debtor has to do to get certainty is be honest. He hasn't done that. We have made the allegations. Those have to be taken as true on this appeal. This is still at the pleading stage. And the other thing that this Court should realize is you can ignore the equitable tolling issue entirely and find that upon the reopening of the case, the clock restarts. As the Court said in Succa, if the debtor gets all his rights back on reopening, then why shouldn't the creditors get all the rights back on reopening? That would be an easier way to deal with it and not have to deal with the equitable tolling. The clock restarts. Or you can find the due process rights of the creditors of our clients were violated when they weren't listed on the schedules. Therefore, the clock never started as to them. So there are ways to do it without equitable tolling. Thank you. The case just argued is submitted. Should we take a break? Yeah, we'll take a 10 minute recess. Thank you.
judges: Bright , B. Fletcher, Silverman